Fadel ASAED, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–70986.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 20, 2009.

Thomas J. Stefanski, Esquire, Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

Carol Federighi, Esquire, Senior Litigation Counsel, M. Jocelyn Lopez Wright, Esquire, DOJ—U.S. Department of Jus-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Fadel Asaed, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1183 n. 4 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that the single beating and subsequent threats Asaed received from Bedouins do not amount to past persecution, *see id.* at 1182, and that Asaed did not establish the Syrian government was unable or unwilling to control the Bedouins, *see Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). Substantial evidence also supports the IJ's conclusion that Asaed failed to show he could not safely relocate within Syria, or that it would be unreasonable for him to do so, and thus not did establish a well-founded fear of future persecution. *See Knezevic*

*v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004); 8 C.F.R. § 1208.13(b)(2)(ii). Accordingly, Asaed's asylum claim fails.

It follows that Asaed has not met the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

